UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 4:22-cv-121-WS-MJF

FLORIDA STATE DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Brian M. Casey (DC# 139647) has filed a civil rights complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. The undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that this case be dismissed under 28 U.S.C. § 1915(g).[1]

### I. BACKGROUND

Plaintiff is a Florida prisoner confined at the Florida State Prison. Plaintiff's complaint names two Defendants: the Florida Department of Corrections ("FDC") and Centurion of Florida ("Centurion"). Doc. 1.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 14

Plaintiff alleges that when he was committed to FDC custody in 2012, he informed officials that he has hepatitis C ("HCV"). Doc. 1 at 5. In 2016, Plaintiff had a consultation with Dr. Wetterer, a Centurion employee. *Id*. Plaintiff requested that his HCV be treated with a direct-acting antiviral ("DAA") drug. *Id*. Dr. Wetterer acknowledged that Plaintiff had cirrhosis of the liver due to the HCV, but told Plaintiff that he could not treat him with DAA drugs because it was too expensive. *Id*.

On September 11, 2019, J. A. Childers, also a Centurion employee, informed Plaintiff that he had severe liver damage and prescribed a DAA medication.[2] *Id*. at 5. The DAA treatment was a 72-day regimen consisting of one pill of "Hepclusa" per day. *Id*. Plaintiff's DAA treatment began in December 2020. *Id*. At that time, Plaintiff's osteoarthritis medication was discontinued so that the DAA treatment would be effective. *Id*. at 6.

On or about December 28, 2020, Plaintiff was transferred to Dade Correctional Institution and housed in a confinement cell. *Id*. at 6. According to Plaintiff, nurses stopped providing him the DAA medication but made false notations in his medical records that it was administered. *Id*. Plaintiff cites two

---

[2] Plaintiff identifies the DAA medication as "Hepclusa." Doc. 1 at 5.

specific occasions when this occurred—January 18, 2020 [sic], and February 11, 2020 [sic].³ *Id*. at 6.

Plaintiff claims that his HCV is monitored through sonograms and blood tests, although he claims that such monitoring is not "real." In support, Plaintiff alleges that unidentified Centurion employees "are purposely conducting sonogram exams through Plaintiff's rib cage instead of the soft tissues of the stomach to interfere with clear pictures." *Id*. at 6. Plaintiff further asserts that "Defendant Centurion" has "fabricated HVC [sic] blood results since as early as 2015 to reflect low level of harmful enzymes that [would] indicate poor liver function preventing discovery of serious medical conditions." *Id*.

Plaintiff alleges that on September 7, 2021, while confined at Florida State Prison, he "began to experience swelling of the tissues (edema), yellowing of the skin and eyes, exacerbated eczema, vomiting and pain associated with the HVC [sic] disability" *Id*. at 14. On an unspecified date, an unidentified nurse refused to accept Plaintiff's sick call request. On another unspecified date, an unidentified correctional officer threw Plaintiff's sick call requests and grievances in the trash. *Id*.

From there, Plaintiff's complaint digresses into a narrative of conclusory allegations concerning past events which he claims support his theory that the FDC

---

³ The undersigned inserted "[sic]," because according to Plaintiff's prior allegation, he did not start the DAA medication until December 2020.

and Centurion have engaged in a statewide conspiracy since 2012 to harm him. *Id*. at 14-20. Plaintiff complains about placement in administrative confinement in 2017, frequent prison transfers, a stint in an isolation cell on an unspecified date where he "received his food with contaminates [including] body fluids, chemicals, drugs, feces from rodents or pus from MRSA wounds of other prisoners." *Id*. at 14-15. Plaintiff states that in 2015, an employee fabricated an enzyme report "at the same level of 45 . . . because of the .45 caliber handgun Plaintiff is accused of using to murder another person." *Id*. at 15. On February 8, 2021, Nurse Miller and Officer Caper injected Plaintiff with "tainted HVC [sic] blood from another inmate." *Id*.

Plaintiff alleges that his criminal convictions are the product of a conspiracy involving law enforcement and politicians, and that he has been denied law library privileges to challenge his convictions. *Id*. at 17. Plaintiff was targeted by inmates in 2018. *Id*. Plaintiff complains that the inmate grievance procedure is not followed and that the FDC's Inspector General wrongly determines that Plaintiff's complaints are unfounded. *Id*. at 17.

Plaintiff concludes by asserting that the FDC and Centurion are responsible for his cirrhosis condition because they initially denied DAA treatment in 2016 due to a cost-saving policy. Yet, despite this allegation of a cost-saving policy, Plaintiff also complains that the FDC and Centurion provided the treatment to other inmates. *Id*. at 20. Plaintiff then explains that he did not sue the FDC and Centurion in 2016,

because he "could not know . . . that he would experience the symptoms described above and progression towards an untimely death because he was told he would be treated for HVC." *Id*. at 20. Plaintiff then repeats his earlier allegation that his medical records were fabricated to indicate that he received the DAA treatment prescribed in 2020. *Id*.

Plaintiff adds that he currently is housed in administrative confinement where he "is being fed chemicals in his food that are causing dark odorous urine and a breakdown in proteins resembling ketoacidosis. *Id*. at 20.[4] The food also includes "body fluids containing HVC [sic] and HIV," which, according to Plaintiff results in ketoacidosis, strep throat and diarrhea. *Id*. Plaintiff states that his grievances are not being properly investigated by the Inspector General due to "a longstanding and widespread policy by the FDOC and COF [Centurion] to allow maltreatment or mistreatment of inmates, especially Plaintiff." *Id*.

Based on the foregoing allegations, Plaintiff claims that the Defendants discriminated against him in violation of the Americans with Disabilities Act and the Rehabilitation Act, and that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, when they denied him DAA treatment in 2016 based on a cost-saving policy. *Id*. at 21-22.

---

[4] Ketoacidosis is a complication of diabetes. *See* www.cdc.gov/diabetes/basics/diabetic-ketoacidosis. Plaintiff does not allege that he has been diagnosed with diabetes.

As relief, Plaintiff seeks declaratory relief and injunctive relief in the form of requiring the Defendants to provide him with HCV treatment, FIBRO testing, and treatment by a "heptologist." *Id*. at 23. Plaintiff also seeks placement in protective management in an "alternate prison system," and an investigation by federal and state law enforcement agencies. *Id*. Plaintiff seeks $100,000,000.00 in compensatory damages; $100,000,000.00 in punitive damages; and $100,000,000.00 in nominal damages. *Id*.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.  **Plaintiff Has "Three Strikes" under 28 U.S.C. § 1915(g)**

Since 2014, judges in the Northern District of Florida have recognized Plaintiff's status as a "three-striker." *See Casey v. Florida Dep't of Corr., et al.*, No. 4:21-cv-00463-WS-MAF, 2022 WL 708744 (N.D. Fla. Jan. 28, 2022) ("*Casey I*") (listing Plaintiff's prior cases in the Northern District of Florida that have been dismissed under 28 U.S.C. § 1915(g); also identifying actions Plaintiff filed in the United States District Court for the Northern District of Georgia, and the United States District Court for the District of Columbia, that were dismissed under § 1915(g)), *report and recommendation adopted*, 2022 WL 704838 (N.D. Fla. Mar. 9, 2022).

Plaintiff's present complaint acknowledges that Plaintiff has "three strikes" under § 1915(g). *See* Doc. 1 at 9-10, 24 (identifying cases that count as "strikes" as well as cases that have been dismissed under § 1915(g)).

Because Plaintiff has incurred three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g). "To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310-11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999)).

The Eleventh Circuit has provided the following guidance for evaluating whether § 1915(g)'s "imminent danger" exception is satisfied:

> In determining whether a prisoner has proved "imminent danger of serious physical injury," this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether the prisoner's complaint, as a whole, alleges imminent danger of serious physical injury, not whether each specific physical condition or affliction alleged alone would be sufficient. General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker*, 999 F.3d at 1311 (alterations, additional quotation marks, and citations omitted).

The allegations of Plaintiff's present complaint are identical to those he made in *Casey I*, mentioned above. Plaintiff filed *Casey I* just four months ago, on November 12, 2021. *See Casey I*, No. 4:21-cv-00463-WS-MAF (N.D. Fla. Nov. 12, 2021), Doc. 1 (Compl.). During initial screening of the complaint in *Casey I*, the magistrate judge ordered Plaintiff to file an amended complaint because his initial complaint was an impermissible shotgun pleading which prevented the court from determining what claims he was pursuing and whether those claims satisfied §

1915(g)'s imminent-danger exception. *See* No. 4:21-cv-00463-WS-MAF (N.D. Fla. Nov. 29, 2021), Doc. 4 (Order).

Thereafter, Plaintiff was provided several opportunities in *Casey I* to amend his complaint to comply with the Federal Rules of Civil Procedure and to demonstrate that he satisfies the imminent-danger exception to § 1915(g). Eventually, on January 24, 2022, Plaintiff filed a second amended complaint in *Casey I*. *See* No. 4:21-cv-00463-WS-MAF (N.D. Fla. Jan. 24, 2022), Doc. 28 (Second Am. Compl.).

Plaintiff's second amended complaint in *Casey I* named the same two Defendants as the present suit. Plaintiff's second amended complaint asserted violations of the ADA, the RA, and the Eighth Amendment arising out of the same claim—the initial refusal in 2016 to treat Plaintiff with DAA medication due to a cost-saving policy. Plaintiff alleged identical facts concerning his HCV treatment and the irregularities in the administration of the DAA medication. *Id*. He also alleged that his sick call requests and grievances were thrown away. He also alleged that his food was contaminated and that he was injected with blood containing HCV. He also alleged that medical personnel were preventing accurate sonogram and blood test results. Plaintiff also alleged that from the time of the interference with the DAA treatment, he began suffering from edema, eczema, yellowing of the skin, pain, and vomiting. Plaintiff maintained that if he did not receive the "prescribed

treatment" (DAA) he would rapidly deteriorate, develop tumors, and die. *See* No. 4:21-cv-00463-WS-MAF, Doc. 28 (Second Am. Compl.); *see also Casey I*, 2022 WL 708744, at *1-2 (N.D. Fla. Jan. 28, 2022) (R&R detailing Plaintiff's allegations).

On January 28, 2022, the magistrate judge in *Casey I* recommended that Plaintiff's case be dismissed for three reasons. First, Plaintiff has "three-strikes" under § 1915(g), and his allegations failed to satisfy the imminent-danger exception. Second, his complaint remained a shotgun pleading that failed to comply with court's orders to replead. Third, Plaintiff failed to disclose his prior litigation history honestly and completely. *See Casey I*, 2022 WL 708744 (N.D. Fla. Jan. 28, 2022).

In response, Plaintiff filed a motion to amend his complaint accompanied by a proposed third amended complaint. *See Casey I*, No. 4:21-cv-00463-WS-MAF (N.D. Fla. Feb. 16, 2022), Doc. 33-1 (Proposed Third Am. Compl.). The magistrate judge denied leave to amend because the time to amend had passed; the proposed complaint was a shotgun pleading; and the proposed complaint still failed to meet the imminent-danger exception. *Id.*, No. 4:21-cv-00463-WS-MAF (N.D. Fla. Feb. 22, 2022), Doc. 35 (Order).

On March 9, 2022, the district judge in *Casey I* adopted the magistrate judge's report and recommendation—over Plaintiff's objection—and dismissed the case without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g); for

failure to comply with court orders; and for abuse of the judicial process. *Casey I*, 2022 WL 704838 (N.D. Fla. Mar. 9, 2022).

Plaintiff filed his complaint in the present case just days after the dismissal of *Casey I*.[5] Plaintiff's present complaint makes allegations identical to those in the second and proposed third amended complaints in *Casey I*.

**B.     Plaintiff Fails to Satisfy the Imminent-Danger Exception of § 1915(g)**

As in *Casey I*, Plaintiff is suing for past conduct regarding the denial of DAA treatment in 2016, and the irregular administration of the DAA treatment in 2020/ early 2021. *See Medberry*, 185 F.3d at 1193 (finding that past conduct cannot serve as a basis for the exception to § 1915(g)). As in *Casey I*, Plaintiff admits that his HCV is being monitored through sonograms and blood tests which do not indicate a serious need for additional treatment. Plaintiff merely speculates—"upon information and belief"—that the sonograms are incorrectly conducted and the blood tests are manipulated. Speculation is insufficient. *See, e.g., O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 805 (11th Cir. 2016) (concluding that prisoner failed to show that he faced imminent danger due to inadequate medical treatment because his allegations were "speculative and not factually supported"). As determined in *Casey I*, Plaintiff's allegations concerning monitoring and treatment for his HCV do

---

[5] Plaintiff's signature on his complaint is dated February 4, 2022, but Plaintiff mailed the complaint and IFP motion in March 2022. Docs. 1, 2.

not show that he is in imminent danger of serious physical injury. Plaintiff offers no new evidence—since the dismissal of *Casey I* just days ago—to support a finding that he now is in imminent danger.

Also, as in *Casey I*, Plaintiff's allegations concerning his skin conditions do not constitute serious physical injuries. *See* Doc. 1 at 14; *see also Casey I*, 2022 WL 708744, at *3. And Plaintiff's unrelated allegations of "food poisoning" with body fluids on unspecified dates do not support an inference that he is in imminent danger of serious physical injury. *See* Doc. 1 at 20; *see also Casey I*, No. 4:21-cv-00463-WS-MAF, Doc. 35 at 3-4 (Order denying leave to amend).

Plaintiff was given multiple opportunities in *Casey I* to amend his complaint to demonstrate that he is under imminent danger of serious physical injury. He failed to make the requisite showing. Plaintiff's present complaint—filed just days after the dismissal in *Casey I*—merely reiterates the same allegations, none of which demonstrate that Plaintiff is under imminent danger of serious physical injury.

Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fees.

2. The clerk of court close this case file.

At Pensacola, Florida, this 25th day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**